IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:    Rebecca Michelle Roach    )<br>)<br>Debtor(s).    ) | Case No. 3:20-BK-3075-KRH<br>Chapter 7 |
| Rebecca Michelle Roach    )<br>Plaintiff(s)    ) | |
| v.    ) | AP No. 3:20-AP-3041-KRH |
| Beyond Finance, Inc.    )<br>Defendant    ) | |

ORDER GRANTING MOTION FOR ENTRY OF AN ORDER
<u>APPROVING COMPROMISE</u>

THIS MATTER comes before the Court upon the *Motion for Entry of an Order Approving the Compromise* [*doc. no. 19*] (as amended and served on the Chapter 7 trustee and all other parties entitled to receive notice thereof [*doc. no. 22*], the "<u>Motion</u>") filed by Rebecca M. Roach (the "<u>Plaintiff</u>"), pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve the compromise reached with Beyond Finance, Inc. (the "<u>Defendant</u>"), regarding the complaint (the "<u>Complaint</u>") filed by Plaintiff in this adversary proceeding asserting, among other claims, the violation of the automatic stay.  Based on the review of the record and related pleadings, the Court makes the following findings and conclusions:

1.    This is a core proceeding pursuant to 28 U.S.C. § 157.

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and personal jurisdiction over all parties pursuant to Bankruptcy Rule 7004(f).

3.    On February 11, 2020, Plaintiff filed a voluntary bankruptcy petition under Chapter 7 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  On May

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services, Inc
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792(v) 804.673.4350(f) JKrumbein@KrumbeinLaw.com (e)

18, 2020, Plaintiff filed the Complaint in this adversary proceeding against the Defendant, titled as AP No. 3:20-AP-3041-KRH.

4. After good faith negotiations, Plaintiff and Defendant have agreed that the Defendant will pay a total of $10,000.00 (the "Settlement Amount") to Plaintiff and his counsel in exchange for the dismissal of the Complaint, in its entirety, with prejudice (the "Settlement").

5. Defendant shall deliver to Plaintiff's counsel within fourteen (14) days of the entry of this Order, the Settlement Amount.

6. The Settlement is not an admission of bad faith or wrong doing by the Defendant and has been entered into by the Defendant solely to avoid additional costs and expenses of litigation. In exchange, the Plaintiff will file a notice of dismissal of this action with prejudice within three (3) days of the receipt of the Settlement Amount.

7. Plaintiff has carefully examined the facts and has concluded that the Settlement is reasonable in relation to the value of Plaintiff's claims, the potential defenses available to the Defendant, and the costs of litigation to effectuate recovery. The Court adopts and approves of Plaintiff's conclusions.

8. The creditors of Plaintiff's estate will benefit by the approval of the Settlement in that they will be provided a certain recovery without delay, and avoid the additional administrative expenses of litigation.

9. Notice of the Motion has been properly served on all parties in interest pursuant to Bankruptcy Rule 2002.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is hereby granted and the Settlement is hereby approved.

2. Within fourteen (14) days of the date of this Order, the Defendant shall deliver the Settlement Amount to Plaintiff's counsel in full and final settlement and release of any and all claims Plaintiff may have now or in the future against the Defendant.

3. Within three (3) days of receipt of the funds, counsel for the Plaintiff shall, in accordance with Rule 7041(a)(1), file a notice of dismissal of the Adversary Proceeding, with prejudice.

4. Plaintiff's counsel shall turnover to the Trustee, for the benefit of the Plaintiff's Chapter 7 bankruptcy estate, the sum of $1,575.00; thereafter, Plaintiff's counsel is authorized to disburse $2,500 of the Settlement Amount to Plaintiff and $5,925.00 attorney fees. With respect to the services provided by Plaintiff's counsel, the Court finds the rate charged reasonable, and the hours necessary, for the proper representation of the Plaintiff in connection with the enforcement of her rights as a debtor under Chapter 7 of the Bankruptcy Code.

5. Plaintiff is authorized to take all necessary actions, including, without limitation, executing all necessary documents, to consummate the Settlement.

6. No further service of this Order is required; all necessary parties will be served pursuant to the ECF rules of this Court.

ENTERED: Oct 22 2020

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY COURT JUDGE

Entered On Docket: Oct 28 2020

I ask for this
 /s/Jason M. Krumbein
Rebecca Michelle Roach
Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 voice
804.673.4350 fax
JKrumbein@KrumbeinLaw.com email

3

Seen and No Objection:

  /s/ William A. Broscious
William A. Broscious, Esquire (VSB #27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, VA 23233
(804) 741-0400

    Trustee

### CERTIFICATE OF ENDORSEMENT PURSUANT TO LBR 9022-1

I certify that all necessary parties have endorsed the foregoing order.

                        /s/ Jason M. Krumbein

                        Counsel

4

Mailing matrix

BY ECF:
Richard W. Ferris, Esq.
Jason M. Krumbein, Esq.
William A. Broscious, Esq.

BY US MAIL

Rebecca M. Roach
1111 Buckingham Station Dr. Apt 4B
Midlothian, VA 23113

Connie Kondik
Senior VP, Deputy General Counsel and Chief Compliance Counsel
Beyond Finance, LLC successor to Beyond Finance, Inc.
7322 Southwest Freeway, Suite 1200
Houston, TX 77074